UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES L. KAPSIS,

                         Plaintiff,                **OPINION & ORDER**
                                                **08 CV 03092 (SJF) (AKT)**

-against-

ELIOT BLOOM et al.,

                         Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.



I.     Introduction

On July 29, 2008, Plaintiff James L. Kapsis ("Plaintiff") commenced this action against defendants Eliot Bloom, Thomas F. Liotti, and I. Leonard Feigenbaum (collectively "Defendants") alleging, *inter alia*, "various systematic deprivations of fundamental Rights guaranteed by the [United States] Constitution" and the "Constitution of the State of New York." (Compl. p.2.) As part of the Complaint, Plaintiff included a motion for recusal pursuant to 28 U.S.C. §§ 144 ("§ 144") and 455 ("§ 455"), alleging, *inter alia*, that: (1) this Court improperly remanded a case to the Supreme Court of the State of New York that Plaintiff removed to this Court;[1] (2) this Court "has been privy to extremely sensitive political information" because

---

[1] On October 2, 2002, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Nassau, and, on March 18, 2008, Plaintiff filed a Notice of Removal to remove that case to this Court. By Order dated April 18, 2008, this Court remanded the case to the Supreme Court of the State of New York, because, *inter alia*, only defendants, not plaintiffs, may remove an action from state court to federal court. See Kapsis v. Peragine, No. 08 Civ. 1123, No. 2008 WL 1803641, at * 2 (Apr. 18, 2008) (citing Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y.1998); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105, 61 S.Ct. 868, 85 L.Ed. 1214. 85 L.Ed.2d 1214 (1941)).

1

Plaintiff is "in the process of securing funds to retain" Genevieve LoPresti ("LoPresti"), an attorney who Plaintiff alleges previously worked for my spouse;[2] and (3) various misconduct by the Honorable Antonio I. Brandveen, New York State Supreme Court Justice, Nassau County. (Compl. p.20-23.) On January 23, 2009, Plaintiff filed a memorandum of law in support of his motion for recusal. For the reasons set forth herein, Plaintiff's motion is denied.

II.  Discussion

    A.  Legal Standard

        1.  Section 144

"Section 144 provides that a judge should recuse himself when a party has filed a 'timely and sufficient affidavit' showing that the judge has 'a personal bias or prejudice' against the party or in favor of an adverse party." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987) (quoting 28 U.S.C. § 144). However, "the mere filing of an affidavit of prejudice does not require referral" of the recusal motion to a different district court judge. LoCascio v. United States, 473 F.3d 493, 498 (2d Cir. 2007) (citing Apple, 829 F.2d at 333). Instead, the district court judge has "an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily, particularly 'where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir.

---

[2] Plaintiff also alleges in his supporting papers that LoPresti is a potential witness and that "LoPresti has been attempted to be inter-pleaded [sic] by the defendants." (Mem. of Law in Supp. of Pl.'s Mot. for Recusal or Disqualification, filed Jan. 27, 2009 ("Pl.'s Mem"), p. 2.)

2

1978) (quoting Rosen v. Sugarman, 357 F.2d 794, 797-98 (2d Cir.1966), cert. denied, 439 U.S. 1072 (1979)). "To be legally sufficient under § 144, an affidavit must show 'the objectionable inclination or disposition of the judge [and] it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Calle v. United States, No. 05 Civ. 6094, 2008 WL 3852173, at * 1 (E.D.N.Y. Aug. 14, 2008) (quoting Rosen, 357 F.2d at 798). "The decision whether to grant or deny a recusal motion–i.e., whether the affidavit is legally sufficient–is a matter confided to the district court's discretion." Apple, 829 F.2d at 333 (citations omitted).

Plaintiff's allegations concerning this Court's rulings and other conduct related to this case and cases previously before this Court that Plaintiff was a party to are legally insufficient to warrant recusal under § 144.[3] Calle, 2008 WL 3852173, at * 1 ("Adverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party who is seeking recusal, do not constitute a basis for recusal.") (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The records in this case and the previous cases cited by Plaintiff do not demonstrate any objectionable inclination or that this Court harbors or harbored any bias or prejudice against Plaintiff or in favor of any other party. Insofar as Plaintiff alleges wrongdoing by Justice Brandveen, it is unclear how such allegations bear on this motion.

Plaintiff's allegations concerning LoPresti are also insufficient to warrant recusal. Even

---

[3] Plaintiff also alleges "bias and hostility" stemming from a case previously before this Court in which he was a Plaintiff. (Pl.s' Mem. P.2.) In that case, the plaintiffs voluntarily dismissed the action. See The Interim Committee of the Nassau County Independence Party v. Mackay, 04 Civ. 4091, (Docket No. 14).

3

assuming, *aguendo*, that Plaintiff retains LoPresti as counsel to represent him in this case, that Defendants implead LoPresti or that LoPresti is a potential witness as alleged by Plaintiff, Plaintiff's claims that LoPresti "has lectured with [me] at the Nassau County Bar Association," (Pl.'s Mem. p.7), that LoPresti "worked for" my husband, (id. at 4), and that LoPresti has been "privy to extreme sensitive political information at [my] husband's office," (id.), even if true, fail to establish any personal bias or prejudice against Plaintiff.

Therefore Plaintiff's allegations, even if true, legally insufficient to warrant my recusal under § 144.

B.  Section 455

Section 455(a) provides, in relevant part, that a "judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is warranted when "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." Diamondstone v. Macaluso, 148 F.3d 113, 120-21 (2d Cir. 1998); see also In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988) (stating that "the test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts") (citing Pepsico, Inc. v. McMillen, 764 F.2d 458, 460 (7th Cir.1985); United States v. Ferguson, 550 F. Supp. 1256, 1260 (S.D.N.Y. 1982)). "A judge considering recusal must balance the need for 'public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.'" In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002) (quoting

4

Drexel, 861 F.2d at 1312).

As noted above, a disinterested observer fully informed of the record would find impartiality and would not entertain any doubt that justice would be done in the present action. See Liteky, 510 U.S. at 555 (stating that judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved"). Moreover, there is nothing in the record to indicate any "deep-seated favoritism or antagonism that would make a fair judgment [in this case] impossible." Id. (stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.") In addition, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id.

A disinterested observer would also find that Plaintiff's allegations concerning LoPresti do not implicate any "bias" or "extrajudicial favoritism of defendants." See Drexel, 861 F.2d at 1313 (stating that "where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.")

Insofar as Plaintiff argues recusal based on § 455(b), such claim is also without merit.[4] Section 455(b) states:

> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed

---

[4] Although Plaintiff states that he moves for recusal under § 455(b)(2)(5), there is no such subsection. Thus, the Court considers the entire section.

evidentiary facts concerning the proceeding; (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

None of the situations described in the statue is applicable. Insofar as Plaintiff alleges that I must "disqualify [myself] pursuant to [§ 455(b)(5)(iv)]," (Pl.'s Mem. p. 6), such claim is also without merit. Neither my spouse nor I are a material witness in this case and, even if LoPresti is a material witness, she is not a relative "within the third degree of relationship" of either myself or my spouse. 28 U.S.C. § 455(b)(iv).

III. Conclusion

For the reasons stated herein, the motion of Plaintiff for recusal is DENIED.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: February 2, 2009
Central Islip, New York