UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES L. KAPSIS,

                       Plaintiff,         **OPINION & ORDER**
                                                 **08 CV 03092 (SJF) (AKT)**

-against-

ELIOT BLOOM et al.,

                       Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On July 29, 2008, Plaintiff James L. Kapsis ("Plaintiff") commenced this action against defendants Eliot Bloom, Thomas F. Liotti, and I. Leonard Feigenbaum (collectively "Defendants") alleging, *inter alia*, "various systematic deprivations of fundamental Rights guaranteed by the [United States] Constitution" and the "Constitution of the State of New York." (Compl. p.2.) As part of the Complaint, Plaintiff included a motion for recusal pursuant to 28 U.S.C. §§ 144 and 455, alleging, *inter alia*, that: (1) this Court improperly remanded a case to the Supreme Court of the State of New York that Plaintiff removed to this Court;[1] (2) this Court "has been privy to extremely sensitive political information" because Plaintiff is "in the process of

---

[1] On October 2, 2002, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Nassau, and, on March 18, 2008, Plaintiff filed a Notice of Removal to remove that case to this Court. By Order dated April 18, 2008, this Court remanded the case to the Supreme Court of the State of New York, because, *inter alia*, only defendants, not plaintiffs, may remove an action from state court to federal court. See Kapsis v. Peragine, No. 08 Civ. 1123, No. 2008 WL 1803641, at * 2 (Apr. 18, 2008) (citing Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y.1998); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105, 61 S.Ct. 868, 85 L.Ed. 1214. 85 L.Ed.2d 1214 (1941)).

1

securing funds to retain" Genevieve LoPresti ("LoPresti"), an attorney who Plaintiff alleges previously worked for my spouse; and (3) various misconduct by the Honorable Antonio I. Brandveen, New York State Supreme Court Justice, Nassau County. (Compl. p.20-23.) On January 23, 2009, Plaintiff filed a memorandum of law in support of his motion for recusal.

By Order dated February 2, 2009 ("February 2009 Order"), this Court denied Plaintiff's motion for recusal. On February 10, 2009, Plaintiff filed the instant motion for reconsideration ("Motion for Reconsideration") of the February 2009 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("60(b)"). For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

II.     Reconsideration[2]

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order . . . shall be served within ten (10) days after the entry of the court's determination of the original motion . . . with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked . . . ." Local

---

[2] Rule 60(b) provides for relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Since the February 2009 Order is not a final order, see In re Gache, 164 F.3d 617 (2d Cir. 1998) (citing Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir. 1967)), the Court construes Plaintiff's motion for one of reconsideration under Local Rule 6.3. Even assuming, *arguendo*, that Plaintiff could bring the instant motion under Rule 60(b), the motion would be denied because, *inter alia*, Plaintiff has not shown exceptional circumstances warranting relief. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (stating that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'") (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).

Rule 6.3 (emphasis omitted). The requirements of Local Rule 6.3 are strictly construed. See United States v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. United States, No. 98 Civ. 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Gross, 2002 WL 32096592, at * 3. It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Id. at * 4.

Plaintiff has not established that the Court overlooked any controlling law or committed clear error in its February 2009 Order, and Plaintiff does not present any new evidence relevant to his motion for recusal. Plaintiff also urges reconsideration on the basis of many of the same arguments that he previously raised in his motion for recusal and considered by the Court. Accordingly, Plaintiff's motion for reconsideration is denied.

II. Conclusion

For the foregoing reasons, the motion of Plaintiff (Docket No. 50) for reconsideration is DENIED.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 17, 2009
       Central Islip, New York

Copies to:

James L. Kapsis
14 Ridge Road
Albertson, NY 11507